J-S42038-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JERRY NEGRON, | : | |
| | : | |
| Appellant | : | No. 66 MDA 2018 |

Appeal from the Judgment of Sentence October 26, 2017
in the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005100-2016

BEFORE:    BOWES, MCLAUGHLIN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:         **FILED OCTOBER 02, 2018**

Jerry Negron (Appellant) appeals from the October 26, 2017 judgment of sentence entered after a jury found him guilty of two counts of involuntary deviate sexual intercourse (IDSI), three counts of indecent exposure, six counts of corruption of minors, and one count each of sexual assault, aggravated indecent assault, and indecent assault. Upon review, we affirm in part, vacate in part, and remand for proceedings consistent with this memorandum.

We begin with a brief procedural history. Appellant was charged with three counts of IDSI, two counts of aggravated indecent assault, two counts of indecent assault, seven counts of corruption of minors, four counts of indecent exposure, and one count of sexual assault for numerous incidents

_____

*Retired Senior Judge assigned to the Superior Court.

involving three of Appellant's nieces, K.T., L.T., and Y.T., which occurred between January 1, 2005, and December 31, 2015.

Several pre-trial motions were filed, including two motions *in limine*. The Commonwealth filed a motion *in limine* on May 25, 2017, seeking, *inter alia*, to prohibit Appellant from eliciting testimony from any witness regarding sexual abuse allegations made by the victims against other individuals. Appellant responded with his own motion *in limine* on June 1, 2017, seeking access to Berks County Children and Youth Services Agency (CYS) records containing reports of the victims' prior, unfounded claims of sexual abuse against other individuals, including the names of the accused.

On June 2, 2017, the trial court held a hearing on the two motions *in limine*.[1] On June 5, 2017, the trial court issued an order that, *inter alia*, prohibited Appellant from eliciting testimony from any witness about allegations of sexual abuse made by the victims against other individuals, and denied Appellant's request for the identities[2] of the individuals alleged to have also been accused of sexual abuse by the victims.

Appellant proceeded to a jury trial, after which he was found guilty as detailed above. On October 26, 2017, Appellant was found to be a sexually

---

[1] Appellant failed to include a copy of this transcript in the certified record.

[2] In his brief on appeal, Appellant states that the names of the accused had been disclosed via other discovery materials. Appellant states that he sought the reports because he wanted information regarding the outcome of any CYS investigations into the allegations. *See* Appellant's Brief at 28.

- 2 -

violent predator (SVP) pursuant to 42 Pa.C.S. § 9799.24, and was sentenced to an aggregate term of 28 to 71 years of incarceration, followed by 15 years of special probation. Due to Appellant's convictions and SVP designation, he was subject to the provisions of Pennsylvania's Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.42, and is required to register for his lifetime as a sex offender.

On November 6, 2017, Appellant filed a post-sentence motion, along with a petition to file an amended post-sentence motion upon receipt of the jury trial and sentencing hearing transcripts. That same day, the trial court granted the petition to amend the post-sentence motion within 30 days of the filing of the requested transcripts. Nonetheless, the trial court denied Appellant's post-sentence motion by order entered on November 15, 2017. Subsequently, following receipt of the transcripts, Appellant filed a second post-sentence motion on December 15, 2017,[3] which the trial court denied on December 20, 2017.

On January 8, 2018, Appellant filed the instant notice of appeal.[4] On appeal, Appellant presents the following issues for our review.

> A. Whether the trial court abused its discretion when it denied Appellant's motion *in limine* prohibiting Appellant from entering evidence regarding witnesses' allegations of abuse against another individual when these allegations were

---

[3] This was purportedly Appellant's amended post-sentence motion.

[4] Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

> reported simultaneously with the allegations made against Appellant[.]
>
> B. Whether the trial court erred as a matter of law, abused its discretion and violated general sentencing principles when the trial court imposed an aggregate sentence of 28 years to 71 years of incarceration at a state facility, followed by 15 years of special probation, when the Appellant had no criminal history and a prior record score of zero[.]
>
> C. Whether the trial court erred as a matter of law by designating Appellant a[n SVP] and illegally enhancing his sentence[.]

Appellant's Brief at 12 (unnecessary capitalization, suggested answers, and footnote omitted).

Before we reach the merits of Appellant's claims, we must determine whether this appeal is properly before us. *See Commonwealth v. Harris*, 114 A.3d 1, 6 (Pa. Super. 2015) (holding that "we may *sua sponte* consider whether we have jurisdiction to consider the merits of the claims presented").

Here, Appellant timely filed a post-sentence motion on November 6, 2017.[5] On the same date, Appellant requested permission to file a

---

[5] A defendant must file a post-sentence motion within ten days of the judgment of sentence. Pa.R.Crim.P. 720(A)(1). Ten days after October 16, 2017, was Sunday, November 5, 2017. Thus, Appellant timely filed his post-sentence motion on Monday, November 6, 2017. *See* 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, … such day shall be omitted from the computation.").

supplemental post-sentence motion, as permitted by Rule 720(B)(1)(b),[6]

and the trial court exercised its discretion in granting Appellant the right to

do so. Nonetheless, instead of waiting for Appellant to file a supplemental

post-sentence motion, and then deciding the consolidated[7] post-sentence

motions within the time-frame permitted by Rule 720(B)(3),[8] the trial court

---

[6] "The defendant may file a supplemental post-sentence motion in the judge's discretion as long as the decision on the supplemental motion can be made in compliance with the time limits of paragraph (B)(3)." Pa.R.Crim. P. 720(B)(1)(b).

[7] "The defendant in a court case shall have the right to make a post-sentence motion. All requests for relief from the trial court shall be stated with specificity and particularity, and shall be consolidated in the post-sentence motion[.]" Pa.R.Crim.P. 720(B)(1)(a).

[8] Rule 720 provides in pertinent part:

> (3) *Time Limits for Decision on Motion*. The judge shall not vacate sentence pending decision on the post-sentence motion, but shall decide the motion as provided in this paragraph.
>
>> (a) Except as provided in paragraph (B)(3)(b), the judge shall decide the post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion. If the judge fails to decide the motion within 120 days, or to grant an extension as provided in paragraph (B)(3)(b), the motion shall be deemed denied by operation of law.
>
>> (b) Upon motion of the defendant within the 120-day disposition period, for good cause shown, the judge may grant one 30-day extension for decision on the motion. If the judge fails to decide the motion within the 30-day extension period, the motion shall be deemed denied by operation of law.

*(Footnote Continued Next Page)*

entered an order denying Appellant's timely-filed post-sentence motion on November 15, 2017.

Because the trial court entered an order deciding Appellant's post-sentence motion, the clock began to run for filing a notice of appeal pursuant to Rule 720(A)(2)(a)[9] and the November 6, 2017 order allowing Appellant to supplement the post-sentence was rendered moot. Therefore, Appellant had 30 days from November 15, 2017 to file a timely appeal, and the January 8, 2018 notice of appeal was untimely filed.

However, this Court may address an otherwise untimely notice of appeal if fraud or a breakdown in the trial court's processes caused the untimely appeal. *See Commonwealth v. Khalil*, 806 A.2d 415, 420 (Pa. Super. 2002). This Court has found that a breakdown occurs "when the trial court or the clerk of courts depart[s] from the obligations specified in [] Rules 704 and 720 of the Pennsylvania Rules of Criminal Procedure." *Commonwealth v. Patterson*, 940 A.2d 493, 499 (Pa. Super. 2007). Among these obligations is the requirement that an order denying a post-sentence motion notify the defendant of, *inter alia*, "the right to appeal and

*(Footnote Continued)* _____

Pa.R.Crim.P. 720(B)(3).

[9] "If the defendant files a timely post-sentence motion, the notice of appeal shall be filed… within 30 days of the entry of the order deciding the motion[.]" Pa.R.Crim.P. 720(A)(2)(a).

the time limits within which the appeal must be filed[.]" Pa.R.Crim.P. 720(B)(4)(a).

Here, the trial court failed to comply with Rule 720. In the November 15, 2017 order denying Appellant's post-sentence motion, the trial court did not notify Appellant of his right to file an appeal within 30 days of the entry of that order. Had the trial court done so, Appellant could have timely filed a notice of appeal from that order. Moreover, we note the confusion that the trial court created unnecessarily by granting the petition to supplement Appellant's post-sentence motion, denying his post-sentence motion without advising him of his right to appeal, and then considering and denying Appellant's supplemental post-sentence motion that was filed after the trial court already ruled on Appellant's post-sentence motion.[10]

Accordingly, we find that the trial court's failure to comply with Rule 720 constitutes a breakdown in the court processes that excuses the untimely filing of Appellant's notice of appeal. **See Patterson**, 940 A.2d at 499. Furthermore, given the confusion that the trial court created, as stated *supra*, we will consider Appellant's post-sentence motion and amended post-sentence motion together as if consolidated, which appears to have been the

---

[10] We also note that if the trial court believed it was not finally deciding Appellant's post-sentence motion until it considered Appellant's supplemental post-sentence motion, the trial court *still* failed to comply with Rule 720 by filing an identical order on December 20, 2017, with no mention of Appellant's right to file an appeal.

- 7 -

intent of Appellant and the trial court. As such, we may now turn to the merits of Appellant's appeal.

## Motion *in Limine*

Appellant first claims that the trial court erred in denying his motion *in limine*. We consider this claim mindful of the following.

> Generally, a trial court's decision to grant or deny a motion *in limine* is subject to an evidentiary abuse of discretion standard of review. In this context,
>
>> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.
>
> Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. Admissibility depends on relevance and probative value. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact.

*Commonwealth v. Reese*, 31 A.3d 708, 715–16 (Pa. Super. 2011) (citations and quotation marks omitted).

In his pre-trial motion *in limine*, Appellant sought to "admit evidence related to information of individuals whom the complaining witness(es)

accused previously of sexual abuse and whose abuse was never substantiated by any Commonwealth agency." Motion *in Limine*, 6/1/2017, at ¶ 8. Appellant argued that such evidence was material to the credibility of the victims, and pursuant to Pa.R.E. 404(b)(2) was admissible as an exception to the general rule against prior bad acts testimony, and prove the victims' plans to accuse falsely individuals of sexual abuse for some unknown ulterior motives.[11] *Id.* at ¶¶ 14-21.

In its Pa.R.A.P. 1925(a) opinion, the trial court explained its reasoning for denying Appellant's motion.

> The Child Protective Services Law requires the confidentiality of child abuse reports and only permits the release of these reports to certain parties. Appellant was neither the subject of the CYS information he sought to obtain nor an enumerated person or agency listed in 23 Pa.C.S.[] § 6340 and, as a result, requested relief from th[e trial] court to obtain confidential reports.

> In the case at bar, th[e trial] court recognized that an unfounded report of child abuse does not mean that the report was untrue. Unlike the factual situation in [***Commonwealth v.***] ***Schley***, [136 A.3d 511 (Pa. Super. 2016),] the sexual assault allegations made by the victims in this case against other individuals were not confirmed as false. Child abuse reports may be deemed unfounded due to a number of factors including the victim's failure to pursue the claim or the unavailability of witnesses. A county agency's failure to act may also result in a determination that a report of child abuse is unfounded.

---

[11] Appellant also argued in his motion *in limine* for its admissibility under the doctrine of chances as outlined in Chief Justice Saylor's concurring opinion in ***Commonwealth v. Hicks***, 156 A.3d 1114 (Pa. 2017). Motion *in Limine*, 6/1/2017, at ¶ 22. However, Appellant has abandoned this argument on appeal, and we will not address it.

Appellant attempted to engage in a fishing expedition and hoped to discover information that would be detrimental to the prosecution's case. However, th[e trial] court declined to indulge Appellant's hunches and speculation by denying Appellant's motion.

Pennsylvania courts have held that allegations of prior sexual abuse by a third party against a victim are irrelevant, collateral matters and have no relationship to the matter on trial. Appellant attempted to obtain evidence of collateral issues and would have been prohibited from contradicting the victims using this irrelevant information at trial. If Appellant had obtained and used this information, the jury would have heard testimony regarding alleged sexual assault allegations against other individuals resulting in confusion for the jury. The jury would have been required to determine whether those independent allegations of sexual abuse had occurred and to assess the credibility of the victims in relation to those allegations. The unfounded sexual assault allegations were not relevant to whether Appellant committed the charged offenses against these victims. Furthermore, the subjects of those unfounded reports have a constitutionally protected right to their reputations. There was no basis to violate the rights of these individuals by disclosing their names to Appellant. For all of the above reasons, th[e trial] court denied Appellant's motion and determined that evidence of prior, unfounded reports of sexual abuse made by the victims in this case against other unknown individuals, unrelated to the case at bar, and the names of those accused individuals were immaterial and irrelevant to Appellant's defense.

Trial Court Opinion, 4/4/2018, at 12-13 (unnecessary capitalization and some citations omitted).

In his brief, Appellant avers that the trial court placed "unfair priority" on the privacy of the individuals in the CYS reports, and erred in dismissing the motion without first conducting an *in camera* review. Appellant's Brief at 29. The Commonwealth contends that because the reports had no potential

evidentiary value in Appellant's case, there was no need for an *in camera* review. Commonwealth's Brief at 7.

We find **Commonwealth v. Johnson**, 638 A.2d 940 (Pa. 2004), to be instructive. As in Appellant's case, the trial court prohibited the admission of a child victim's prior allegation of sexual abuse against another individual in Johnson's trial for *inter alia*, rape. In doing so, the trial court in **Johnson** relied on the Rape Shield Law, 18 Pa.C.S. § 3104. Our Supreme Court held that the Rape Shield Law did not apply because it was not intended to prohibit testimony that did not concern the past sexual conduct of the victim. **Johnson**, 638 A.2d at 942 ("To be a victim is not 'conduct' of the person victimized. It would be illogical to conclude that the Rape Shield Law intended to prohibit this type of testimony."). Similarly, the Rape Shield Law does not apply here to prohibit the admission of this testimony. However, that does not end our inquiry.

> Even though the Rape Shield Law did not bar [the] testimony, that testimony does not automatically become admissible. The question then becomes whether the testimony is relevant and material under the traditional rules of evidence. As this Court stated in **Commonwealth v. Haight**, [] 525 A.2d 1199, 1200 ([Pa.] 1987):
>
> > Evidence is relevant when 'the inference sought to be raised by the evidence bears upon a matter in issue in the case and, second, whether the evidence renders the desired inference more probable than it would be without the evidence.'
>
> Thus, the question becomes, whether the testimony … is relevant on any material fact in issue?

- 11 -

Clearly, whether or not [another individual sexually assaulted the victim] is immaterial to whether or not, on March 22, 1987—three or four years later—[Johnson] dragged [the victim] behind the bushes in the park and raped her. Appellant argues that the testimony is material as it concerns the credibility of both [the victim] and [the previously accused individual]. However, a witness may not be contradicted upon a collateral matter. A collateral matter is one which has no relationship to the matter on trial. The proffered testimony does not bear upon a matter in issue in this case.

*Johnson*, 638 A.2d at 942–43 (some citations omitted).

Similarly, the proffered evidence here, as the trial court concluded, is irrelevant to whether or not Appellant sexually assaulted the victims. As such, the victims' prior allegations of sexual abuse by individuals not related to the instant case is collateral, and not a matter that Appellant could use to impeach the victims' credibility. Accordingly, we conclude that the trial court did not abuse its discretion in denying Appellant's motion *in limine*.

**Discretionary Aspects of Sentencing**

We turn now to Appellant's claim regarding the discretionary aspects of his sentence, mindful of the following.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and

- 12 -

> (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

Appellant has satisfied the first three requirements: he timely filed a notice of appeal; he sought reconsideration in a post-sentence motion and amended post-sentence motion; and his brief includes a Pa.R.A.P. 2119(f) statement. Therefore, we now consider whether Appellant has raised a substantial question for our review.

"A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the sentencing code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Griffin*, 65 A.3d at 935 (citation and quotation marks omitted). Appellant contends in his 2119(f) statement that

> [t]he [trial] court failed to follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant[,] thereby creating a sentence that offends the fundamental norms underlying sentencing. The **court's failure to give these factors their proper weight** in deciding Appellant's sentence raise[s] a substantial question as to the appropriateness of the sentence under the [s]entencing [c]ode.

- 13 -

Appellant's Brief at 22 (emphasis added).[12]

Contrary to Appellant's assertion, such a claim does not present a substantial question for our review. ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013) (citation and quotation marks omitted) ("[A] claim of inadequate consideration of mitigating factors does not raise a substantial question for our review."). Accordingly, Appellant has not satisfied the four-part test necessary to invoke our jurisdiction. Thus, he is not entitled to review of his discretionary-aspects-of-sentencing claim.

**Illegal Sentence**

Finally, Appellant claims that "[t]he trial court imposed an illegal sentence by designating Appellant an SVP, which requires him to register with the Pennsylvania State Police for the remainder of his life." Appellant's Brief at 34.

---

[12] Appellant alleges in the argument section of his brief that the trial court inappropriately considered the report from the Sex Offender Assessment Board (SOAB) in fashioning his sentence. ***See*** Appellant's Brief at 32. This raises a substantial question. ***See Commonwealth v. Allen***, 24 A.3d 1058, 1064-65 (Pa. Super. 2011) (citations omitted) ("This Court has recognized that a claim that a sentence is excessive because the trial court relied on an impermissible factor raises a substantial question."). However, this Court "cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Provenzano***, 50 A.3d 148, 154 (Pa. Super. 2012) (citation omitted). Accordingly, we cannot consider this argument in determining whether Appellant has raised a substantial question because he did not include it in the statement of questions presented or in his 2119(f) statement.

Here, the trial court designated Appellant an SVP on October 26, 2017. Five days later, this Court decided **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017), *appeal granted*, 47 WAL 2018 (Pa. filed July 31, 2018).

> [S]ince our Supreme Court has held that SORNA registration requirements are punitive or a criminal penalty to which individuals are exposed, then under **Apprendi** [**v. New Jersey**, 530 U.S. 466 (2013)] and **Alleyne** [**v. United States**, 570 U.S. 99 (2013)], a factual finding, such as whether a defendant has a "mental abnormality or personality disorder that makes [him or her] likely to engage in predatory sexually violent offenses [,]" 42 Pa.C.S.[] § 9799.12, that increases the length of registration must be found beyond a reasonable doubt by the chosen fact-finder. S[ubs]ection 9799.24(e)(3) identifies the trial court as the finder of fact in all instances and specifies clear and convincing evidence as the burden of proof required to designate a convicted defendant as an SVP. Such a statutory scheme in the criminal context cannot withstand constitutional scrutiny. Accordingly, we are constrained to hold that [sub]section 9799.24(e)(3) is unconstitutional and [a]ppellant's judgment of sentence, to the extent it required him to register as an SVP for life, was illegal.

**Id.** at 1217–18.

Pursuant to **Butler**, we conclude that the October 26, 2017 order deeming Appellant an SVP is unconstitutional. Accordingly, we vacate that portion of Appellant's sentence.

We now address Appellant's sex offender registration requirements. Appellant concedes that, based on his convictions, "he is required to register[.]" Appellant's Brief at 34. Relevant to his sex offender registration, Appellant was convicted of IDSI, sexual assault, and aggravated

- 15 -

indecent assault, which are Tier III offenses requiring lifetime registration under SORNA. 42 Pa.C.S. §§ 9799.14(d), 9799.15(a)(3). However, Appellant argues that "designating Appellant as an SVP and imposing the Tier III registration requirements is in violation of the [*Commonwealth v.*] *Muniz*[, 164 A.3d 1189 (Pa. 2017)] precedent." Appellant's Brief at 35.

Appellant raises this *Muniz* claim for the first time in his appellate brief. However, "[w]hen a state enforces a constitutionally-barred penalty, the resulting [] sentence is unlawful." *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017) (citation omitted). Thus, a *Muniz* claim challenges the legality of Appellant's sentence, which cannot be waived on direct appeal or in a timely-filed PCRA petition. *See Commonwealth v. Golson*, ___ A.3d ___, 2018 WL 2473514 at *5 (Pa. Super. filed June 4, 2018) ("Generally, an appellant cannot raise new legal theories for the first time on appeal. Notwithstanding, because [a]ppellant's claim presents a challenge to the legality of his sentence, it is not waived, even though [he] raised it for the first time in his appellate brief. Legality–of–sentence claims are not subject to traditional waiver doctrine.") (citations omitted). Thus, we may review it.

> Critical to relief under the *ex post facto* clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated. Based on these concerns, [in *Calder v. Bull*, 3 U.S. 386 (1798),] Chief Justice Chase set out four categories of laws that violate such prohibitions:

- 16 -

> 1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2nd. Every law that aggravates a crime, or makes it greater than it was, when committed. **3rd. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.** 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender.
>
> Furthermore, two critical elements must be met for a criminal or penal law to be deemed *ex post facto*: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it. As such, [o]nly those laws which disadvantage a defendant *and* fall within a **Calder** category are *ex post facto* laws and constitutionally infirm. **Commonwealth v. Young**, [] 637 A.2d 1313, 1318 ([Pa. ]1993) (emphasis in original). The *ex post facto* clauses of the United States and Pennsylvania Constitutions are implicated here because a holding rendering the effects of SORNA's registration requirements punitive would place the statute into the third **Calder** category: application of the statute would inflict greater punishment on appellant than the law in effect at the time he committed his crimes.

*Muniz*, 164 A.3d at 1195–96 (quotation marks, unnecessary capitalization, and some citations omitted) (emphasis added).

"The **Muniz** Court held that Pennsylvania's SORNA is an unconstitutional *ex post facto* law when applied retroactively to those sexual offenders convicted of applicable crimes before the act's effective[] date and subjected to increased registration requirements under SORNA after its passage." **Commonwealth v. McCullough**, 174 A.3d 1094, 1095 (Pa.

Super. 2017); *see also Commonwealth v. Hart*, 174 A.3d 660, 667 n.9 (Pa. Super. 2017) (holding that "the binding precedent emerging from *Muniz* is confined to the determination that SORNA's registration requirement is punishment that runs afoul of the *ex post facto* clause of the Pennsylvania Constitution when applied retroactively").

SORNA became effective on December 20, 2012, replacing Megan's Law III. Appellant committed the instant offenses between January 1, 2005 and December 31, 2015. Thus, at the time he committed these offenses, he was subject in part to Megan's Law III,[13] and in part to SORNA. Under both registration schemes, IDSI, sexual assault, and aggravated indecent assault mandate lifetime registration. *Compare* 42 Pa.C.S. § 9795.1(b)(2) (expired) *with* 42 Pa.C.S. §§ 9799.14(d), 9799.15(a)(3). Although it did not increase the period of registration, SORNA did enhance registration requirements for Tier III offenses, including quarterly in-person reporting and dissemination of personal information *via* an Internet website. *Muniz*, 164 A.3d at 1210-11 (citing *Commonwealth v. Perez*, 97 A.3d 747, 765 (Pa. Super. 2014) (Donohue, J. concurring)). These additional, more stringent registration requirements constitute a greater punishment than what would have been imposed under Megan's Law III. As such, retroactive application of these enhanced registration requirements runs afoul of

---

[13] Megan's Law III was invalidated by our Supreme Court's decision in *Commonwealth v. Neiman*, 624 Pa. 53, 84 A.3d 603 (Pa. 2013).

constitutional *ex post facto* prohibitions. **See Muniz**, 164 A.3d at 1193, 1216.

Because Appellant committed some of the crimes at a time when registration requirements were less onerous, and thus the punishment was lesser, SORNA cannot be applied retroactively to Appellant for those counts without violating the *ex post facto* clause of the Pennsylvania constitution. **See Muniz**, 164 A.3d at 1192-93. However, this does not mean that Appellant does not have to register as a sex offender. Accordingly, we vacate Appellant's judgment of sentence to the extent it requires Appellant to register as a sex offender pursuant to SORNA, and remand for the trial court to provide Appellant with the appropriate notice of his tier-based registration obligations.

Portion of sentencing order deeming Appellant an SVP vacated. Portion of sentencing order requiring Appellant to comply with SORNA vacated. Judgment of sentence affirmed in all other respects. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judge Bowes joins this memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/02/2018